1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7

SHARON HULIHAN,                                    )
                                                   )
8                                                  )          2:09-CV-1096 ECR-RJJ
                                    Plaintiff,     )
                                                   )
9        vs.                                       )          **ORDER**
                                                   )
10       REGIONAL TRANSPORTATION COMMISSION )              (Motion to Cont. ENE - Dkt. #42)
         OF SOUTHERN NEVADA, *et al.,*             )
11                                                 )
                                    Defendants.    )
12       _____ )

13           Before the court is Defendants' Motion to Continue Early Neutral Evaluation scheduled for July

14      13, 2010 (Dkt. #42) filed July 8, 2010.

15           On January 27, 2010, Defendants filed a Motion to Consolidate this case with Case No. 2:09-cv-

16      1987-ECR-RJJ (Dkt. #18).  On February 16, 2010 the assigned Magistrate Judge, The Honorable

17      Robert J. Johnston, denied the parties' stipulated Discovery Plan and Scheduling Order, and entered a

18      Scheduling Order (Dkt. #19) establishing a May 28, 2010 discovery cutoff, a June 28, 2010 deadline for

19      filing dispositive motions, and also entered an order (Dkt. #20) referring this case to the Early Neutral

20      Evaluation program to the undersigned.  Although this is not an employment action and subject to the

21      court's Early Neutral Evaluation program, the undersigned entered an order (Dkt. #22) February 23,

22      2010 scheduling a settlement conference for March 11, 2010.  On the date the settlement conference

23      was scheduled, the court received communications from the Plaintiff indicating that she had been

24      hospitalized.  The court, therefore, vacated the settlement conference, and set a status conference for

25      March 22, 2010.  *See* Minute Order in Chambers, Dkt. #30.  Thereafter, the District Judge entered an

26      order (Dkt. #31) consolidating this case with Case No. 2:09-cv-1987.

27           At the status conference on March 22, 2010, the court advised counsel for the Defendants that

28      the Confidential Statement submitted did not contain the information required by the court's order.  The

1   court, therefore, required defense counsel to supplement their Confidential Statement to correct the

2   deficiencies noted in open court, denied Defendants' Motion for an Exception to the Personal

3   Attendance Requirement, and required the parties to meet and confer to find mutually acceptable dates

4   to continue the settlement conference.  The settlement/ENE conference was re-set for April 1, 2010.

5        Although the court required a representative of Galligher Basset to be present at the settlement

6   conference, a representative of Galligher Basset did not appear at the settlement/ ENE conference.

7   Rather, an adjuster with Crawford & Co. appeared with pre-set authority.  The court spent

8   approximately three hours conducting the conference.  During the conference, it was clear that defense

9   counsel and the insurer's representative was not aware of key factual information documented in

10  Defendants' own records, and that the adjuster for Crawford & Co., who appeared with pre-set

11  authority, was provided with materially incorrect information concerning the underlying factual bases of

12  Plaintiff's claims in both cases.  Although the parties exchanged offers and counter-offers, the

13  conference concluded after approximately three hours because the insurer's representative had limited

14  settlement authority based on incorrect factual information that she had been provided before the

15  conference.  As a result, the court continued the conference until April 26, 2010 to allow defense

16  counsel and its insurance company additional time to review Defendants' own records, evaluate the

17  Defendants' liability exposure, and consider additional settlement authority.

18       The Plaintiff's deposition was taken April 23, 2010.  During the deposition, Plaintiff and

19  opposing counsel contacted chambers and requested a conference call with the undersigned to discuss

20  the upcoming April 26, 2010 conference.  Both sides requested that the court continue the conference

21  approximately sixty days to enable the Defendants to obtain discovery directly from Medicare

22  concerning its liens.  Plaintiff agreed to execute a Medicare Authorization form at her deposition, and

23  did so shortly thereafter.  However, counsel for Defendants represents that on July 1, 2010, in

24  anticipation of the July 13, 2010 conference, counsel called Medicare to ascertain the status of

25  obtaining lien information.  The person with whom she spoke ultimately indicated Medicare had

26  received signed authorizations, but had not yet initiated their investigation because separate

27  authorization forms were required for each of the two incidents involved in these two complaints.

28  Counsel for Defendants prepared new medical authorizations, mailed them to Ms. Hulihan July 2, 2010,

and confirmed that she had received them and would sign and return them.  Defendants anticipate that an additional forty-five to sixty days from receipt of the Medicare Authorization forms will be needed to obtain information concerning the lien amounts.  Defendants assert that the missing Medicare lien information is likely to be a serious obstacle to settlement.  Accordingly, this motion was filed to determine whether the court wished to proceed with the continued settlement conference, or re-schedule it for a later time.  Defendants suggest re-scheduling the settlement/ENE conference at the end of August or beginning of September.

The undersigned agreed to conduct a settlement/ENE conference in both of these consolidated cases, although it is not an employment action and subject to the court's ENE program.  On the same day the presiding Magistrate Judge referred the matter to me, he also entered a Discovery Plan and Scheduling Order establishing case management deadlines which have not been extended.  The discovery cutoff has run and the deadline for filing dispositive motions has run.  Defendants filed a Motion for Summary Judgment (Dkt. 40) on June 28, 2010.  The time for Plaintiff's response has not yet run.  Plaintiff sent the court a courtesy copy of a letter to opposing counsel expressing her dismay at defense counsel's conduct, anger with the position taken by Defendants in the Motion for Summary Judgment, and rejecting Defendants' last settlement proposal.  Under these circumstances, the undersigned concludes that re-setting the matter yet again for a settlement/ENE conference is unlikely to be productive.  After the Motion for Summary Judgment is decided, the parties will be required to submit a Joint Pretrial Order within thirty days as to any claim(s) which survives summary judgment. The matter will then automatically be referred to the presiding Magistrate Judge to conduct a settlement conference.  For all of these reasons,

IT IS ORDERED that:

1.      Defendants' Motion to Continue (Dkt. #42) is **DENIED**.

2.      The settlement/ENE Conference that is scheduled for July 13, 2019 is **VACATED** and will not be re-set.

Dated this 9th day of July, 2010.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3