```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA
```

| | |
|---|---|
| SHARON HULIHAN, | DOCKET NO. 2:09-cv-01096-ECR-RJJ |
| Plaintiff, | MINUTES OF THE COURT |
| vs. | DATE: October 5, 2011 |
| THE REGIONAL TRANSPORATION COMMISSION OF SOUTHERN NEVADA, a Public Entity under State and Federal Statutes; LAIDLAW TRANSIT SERVICES, INC., a Foreign Corporation; and FIRST TRANSIT, INC., a Foreign Corporation; and DOES 1-100, inclusive, | |
| Defendants. | |

PRESENT:    EDWARD C. REED, JR.                         U. S. DISTRICT JUDGE

Deputy Clerk:   COLLEEN LARSEN          Reporter:    NONE APPEARING

Counsel for Plaintiff(s)              NONE APPEARING

Counsel for Defendant(s)              NONE APPEARING

MINUTE ORDER IN CHAMBERS

    Now pending before the Court is Defendants The Regional Transportation Commission of Southern Nevada, Laidlaw Transit Services, Inc., and First Transit, Inc.'s (the "Defendants") motion (#100) for attorneys' fees and costs filed on July 5, 2011. Plaintiff responded (#102) on July 25, 2011, and Defendants filed their reply (#103).

    On June 21, 2011, the Court denied (#94) Defendants' motion (#67) for summary judgment as to Plaintiff's first and second causes of action for violations of the Americans with Disabilities Act and the Rehabilitation Act, and granted the motion as to Plaintiffs' third cause of action for state law negligence. Defendants now seek attorneys' fees and costs for prevailing on the state law claim.

    Federal Rule of Civil Procedure 54(d)(2) provides the proper procedure for seeking an award of attorneys' fees. Specifically, the Rule provides

that a motion for attorneys' fees must be filed within fourteen (14) days after entry of judgment and must specify the judgment entitling the movant to an award.  Fed. R. Civ. P. 54(d)(2)(B)(i),(ii).  Furthermore, Local Rule 54-16(a) provides that motions for attorneys' fee shall be filed within "fourteen (14) days after entry of the final judgment or other order disposing of the action."  As the Court has not yet entered a final judgment in this case, Defendants have failed to comply with the rules and are not entitled to attorneys' fees at this juncture.

Federal Rule of Civil Procedure 54(d)(1) provides that costs should be allowed to the prevailing party unless a court order provides otherwise.  Federal, rather than state, law governs the award of costs.  <u>Drumm v. Morningstar, Inc.</u>, 695 F. Supp. 2d 1014, 1026-27 (N.D. Cal. 2010) (citing <u>Clausen v. M/V NEW CARISSA</u>, 339 F.3d 1049, 1064-65 (9th Cir. 2003)).  Moreover, by the terms of Rule 54(d)(1), this Court has discretion to refuse to award costs.  <u>Ass'n of Mexican-Am. Educators v. California</u>, 231 F.3d 572, 591 (9th Cir. 2000).  Defendants cannot establish that they are the "prevailing party" because there remain claims to be litigated in this case.  Accordingly, the Court agrees with Plaintiff that Defendants' motion for costs is premature.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion (#100) for attorneys' fees and costs is **DENIED** without prejudice.


                                        LANCE S. WILSON, CLERK

                                        By      /s/
                                             Deputy Clerk

2