**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SHARON HULIHAN, | 2:09-cv-01096-ECR-RJJ |
| Plaintiff, | **Order** |
| vs. | |
| THE REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA, a Public Entity under State and Federal Statutes; LAIDLAW TRANSIT SERVICES, INC., a Foreign Corporation; FIRST TRANSIT, INC., a Foreign Corporations; and DOES 1-100, inclusive | |
| Defendants. | |

This case arises out of injuries suffered by Plaintiff after being denied access to and while a passenger on Defendants' Paratransit bus system.  Now pending are Plaintiff's Motion for Recusal of District Judge (#121) and Motion for Recusal of Magistrate Judge (#122).

### I. Procedural Background

In her Complaint (#3) filed on June 16, 2009, Plaintiff alleged three causes of action against Defendants: (1) a claim for violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 (the "ADA"); (2) a claim for violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794 ("Section 504"); and (3) a

state law claim for negligent failure to train, supervise, and manage employees as to Defendants First Transit, Inc. and Laidlaw Transit Services, Inc.

By Order (#94) on June 21, 2011, this Court granted in part and denied in part Defendants' Motion for Summary Judgment (#67). The motion was granted as to Plaintiff's third cause of action for state law negligence and denied as to her first and second claims for violations of the ADA and Section 504. The Court further determined that Plaintiff is not entitled to compensatory or punitive damages under the ADA and Section 504, but is limited to declaratory and injunctive relief.

Plaintiff thereafter filed a Motion to Amend Summary Judgment (#101) on July 14, 2011, and a Motion for Clarification (#110) on August 29, 2011 and a Notice of Appeal (#111) on September 28, 2011 when the Court did not, in Plaintiff's opinion, act quickly enough on her prior motion (#101). On October 6, 2011, we denied (#116) Plaintiff's Motion to Amend Summary Judgment (#101). We denied (#117) Plaintiff's Motion for Clarification (#110) on October 19, 2011. On October 27, 2011, the Court of Appeals dismissed Plaintiff's Notice of Appeal (#111) because the order challenged is not final or appealable. The Court of Appeals also denied Plaintiff's petition for writ of mandamus, finding that she had failed to demonstrate that this case warranted the intervention of that Court.

On October 5, 2011, this Court denied (##114, 115) without prejudice Defendants' Motion for Attorney's Fees and Costs (#100) as

premature because there has yet to be an entry of final judgment in this case.

On November 7, 2011, Plaintiff filed a Motion for Recusal of District Judge (#121) and a Motion for Recusal of Magistrate Judge (#122).

## II. Legal Standard

Recusal is governed by 28 U.S.C. §§ 144 and 455.  The standard for recusal set forth in these sections is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (citations omitted). Disqualification must rest upon a factual basis; otherwise litigants would have veto power over the assignment of judges based on mere tenuous speculation. Laxalt v. McClatchy, 602 F. Supp. 214, 217 (D. Nev. 1985) (citing In re United States, 666 F.2d 690, 695 (1st Cir. 1981)).  Furthermore, the alleged prejudice must result from an extrajudicial source - a judge's prior adverse ruling is not sufficient cause for recusal. Laxalt, 602 F. Supp. at 217 (citing Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984)).  "[T]he challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." Studley, 783 F.2d at 940 (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978), cert denied, 440 U.S. 907 (1979)).  In the absence of a legitimate reason to recuse, a judge should participate in all cases assigned. United States v. Holland, 510 F.3d 909, 912 (9th Cir. 2008).

### III. Discussion

Plaintiff's Motion for Recusal of District Judge (#121) and Motion for Recusal of Magistrate Judge (#122) are identical and do not differentiate between the two judges. The Court therefore analyzes Plaintiff's claims together as against both.

It appears to the Court that Plaintiff alleges the Court is biased by the involvement of Defendants' counsel's law firm, Alverson, Taylor, Mortensen & Sanders. Plaintiff explains that the firm was co-founded by now United States Senator Harry Reid, who is involved in the appointment of federal judges. It also appears that Plaintiff is claiming that the Court is biased because many of the attorneys at the firm have clerked for state and federal judges. Plaintiff expresses her concern that she will not receive a fair trial in the state of Nevada due to the "'good old boys' that seemingly run Las Vegas" and that she would therefore prefer that the case be heard by the Court of Appeals for the Ninth Circuit.

Plaintiff's allegations in this regard, at best, constitute tenuous speculation that would not lead a reasonable person to doubt the Court's impartiality. Even if Plaintiff had specifically alleged relationships, influence, or contact between Court and defense counsel, many judges have a history of activity in politics or strong political connections, and such a background is insufficient to require recusal. Laxalt, 602 F. Supp. at 217 (citing Home Placement Serv. v. Providence Journal Co., 739 F.2d 671, 675 (1st Cir. 1984)).

To the extent Plaintiff prefers that the Court of Appeals hear her case, that Court has already dismissed her Notice of Appeal

4

(#118) because there has yet to be an entry of final judgment in this case.  Plaintiff may appeal once final judgment has been entered.  Moreover, recusal in this case would not result in the transfer of this case to the Court of Appeals, which does not conduct trials in any event, but to a different judge in this District.  For these reasons, the Court will not at this time issue a Certificate of Appealability.

The rest of Plaintiff's allegations are not extrajudicial because they involve the Court's and the Magistrate Judge's performance while presiding over this case and therefore do not provide grounds for recusal.  For example, Plaintiff repeatedly complains about amount of time it has taken the Court to rule on her numerous motions:

> On September 29, 2011 plaintiff filed . . . with the 9th Circuit Court of Appeals due to the lack of judicial action.  On October 8 2011 after the case was appealed to the Ninth Circuit, nine (9) days after the filing of the appeal , the Court decided to answer the plaintiff [sic] Motions submitted three (3) month [sic] earlier on Amend Summary Judgment and Clarification filed July 14, 2011 and September 29, 2011 respectively.  Another delay and NOTICE TO APPEAL was dismissed by the 9th Circuit . . . because Judge Reed acted upon Motions.  Another delay which has occurred throughout this on-going case.

(Pls.' Mot. Recusal at 5 (##121, 122).)  This delay does not provide grounds for recusal because it is not extrajudicial. Studley, 783 F.2d at 939.  Moreover, the time it has taken to decide the parties' motions in this case is not unusual, especially given the busy docket in this case and the number of motions filed.  The Court has

5

thoroughly read, analyzed, and decided upon all of Plaintiff's many motions in due course.[1]

In this regard, Plaintiff also complains of a "Complete Absence of Due Process" because there has been no pretrial order, oral arguments, jury selection, or trial in this case.  However, the matter has not yet come to trial due to the motion practice engaged in by the parties.  Plaintiff is correct that the parties', not the Court's, Proposed Joint Pretrial Order was originally due November 12, 2010; however, due to the filing of numerous dispositive motions, the deadline has been reset numerous times.  Furthermore, these delays do not constitute an "absence of due process" - on the contrary, the record shows that Plaintiff has been afforded ample process, as the Court has addressed each of Plaintiff's many filings in due course.  Finally, Plaintiff's allegations in this regard are not extrajudicial and therefore do not provide a basis for recusal. Studley, 783 F.2d at 939.

Plaintiff again argues - as she did in her Motion for Magistrate Judge to Reconsider (#79), in her Motion to Amend Summary Judgment (#101), in her Motion for Clarification (#110), and her Notice of Appeal (#111) - that the Court and the Magistrate Judge have wrongly decided numerous issues in this case.  The Court finds

---

[1] Plaintiff also emphasizes that the Court failed to decide upon her July 2011 Motion to Amend Summary Judgment (#101) until October 2011 in spite of the docket entry providing "[r]esponses due by 7/31/2011." (Pl.'s Mot. Recusal at 2 (##121, 122).)  The Court finds it necessary to clarify that the due date on the docket refers to the Defendants' response (#102), which was timely filed on July 25, 2011. The Court does not "respond" or issue "responses" in the way the parties respond to each other.  Rather, the Court issues orders for which there are no due dates.

6

all of Plaintiff's contentions of error, most of which the Court has already considered numerous times, without merit.  Moreover, as these allegations stem from this Court's and the Magistrate's performance in this case, they are not extrajudicial and cannot be grounds for recusal.  <u>Studley</u>, 783 F.2d at 939.  To the extent Plaintiff disagrees with the Court's decisions of law in this case, Plaintiff may appeal the matter upon entry of final judgment.

Plaintiff takes issue with the fact that this Court's Order (#116) denying her Motion to Amend Summary Judgment (#101) was done by minute entry and electronically signed by the Deputy Clerk of the Court.  This argument is completely without merit; however, the Court wishes to clarify that the Court analyzed and decided Plaintiff's motion in chambers and wrote the Order (#116) which was entered and electronically signed by the Deputy Clerk.  The matter was not "handed over to the deputy clerk for further action." Moreover, the Order (#116) adequately addressed the questions and concerns that warranted answering - the Court is not obligated to address each of Plaintiff's issues three or four times.  Although Plaintiff is unhappy with the orders adverse to her, which is understandable, a judge's prior adverse ruling is not sufficient cause for recusal.  <u>Allum v. Nevada</u>, No. 3:10-CV-00700, 2011 WL 3841282 at *1 (D. Nev. Aug. 25, 2011) (citing <u>Studley</u>, 783 F.2d at 939).

### **IV. Conclusion**

Based on the record before the Court and the pleadings and documents on file in this matter, the Court finds that Plaintiff has

7

1  failed to demonstrate any extrajudicial influence or relationship
2  that would lead a reasonable person to conclude that the
3  impartiality of this court might reasonably be questioned.  See 28
4  U.S.C. § 455(a).  In the absence of a legitimate reason to recuse, a
5  judge should participate in all cases assigned.  Allum, 2011 WL
6  3841282 at *1 (citing Holland, 510 F.3d at 912)).  Accordingly, the
7  Court shall deny Plaintiff's motions (##121, 122) for recusal.
8
9       **IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's Motion for
10 Recusal of District Judge (#121) and Motion for Recusal of
11 Magistrate Judge (#122) are **DENIED**.
12
13
14 DATED: November 10, 2011.
15
16                                    _____
                                      UNITED STATES DISTRICT JUDGE