**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SHARON HULIHAN,   )   | 2:09-cv-01096-ECR-RJJ |
|        Plaintiff,   ) | **Order** |
| vs.   ) | |
| THE REGIONAL TRANSPORTATION   ) COMMISSION OF SOUTHERN NEVADA, a   ) Public Entity under State and   ) Federal Statutes; LAIDLAW TRANSIT   ) SERVICES, INC., a Foreign   ) Corporation; FIRST TRANSIT, INC.,   ) a Foreign Corporations; and DOES   ) 1-100, inclusive,   ) | |
|        Defendants.   ) | |

This case arises out of injuries Plaintiff suffered after being denied access to and while a passenger on Defendants' Paratransit bus system. Now pending is Plaintiff's Petition for Certificate of Appealability (#134). The motion is ripe and we now rule on it.

### I. Background

On June 18, 2009, Plaintiff filed a Motion/Application for Leave to Proceed *in forma pauperis* (#1). On October 5, 2009, the Magistrate Judge denied (#8) Plaintiff's motion as moot because Plaintiff had already paid the filing fee and filed the Complaint (#3) on July 3, 2009.

On June 7, 2012, we granted Defendants' Second Motion for Summary Judgment (#119), dismissing the remainder of Plaintiff's claims, and the Clerk entered judgment (#129) in favor of Defendants.  On July 5, 2012, Plaintiff filed a Notice of Appeal (#130).  On July 10, 2012, the Court of Appeals for the Ninth Circuit ordered Plaintiff/Appellant to either (1) file a motion in the Court of Appeals to proceed in forma pauperis, (2) pay $455.00 to this Court and provide proof of payment to the Court of Appeals, or (3) otherwise show cause why the appeal should not be dismissed for failure to prosecute.  On July 27, 2012, Plaintiff filed a Petition for a Certificate of Appealability (#134).

## II. Discussion

Plaintiff does not need a certificate of appealability.  The requirement for a certificate of appealability only applies to claims for habeas corpus relief arising under 28 U.S.C. § 2254 or § 2255.  See FED. R. APP. P. 22(b); see also Dalluge v. U.S. Dep't of Justice, No. C11-5037RBL, 2011 WL 1675407, at *1 (W.D. Wash. May 4, 2011) ("As this case was brought pursuant to 42 U.S.C. § 1983, there is no requirement for a certificate of appealability."); Jenkins v. Caplan, No. C 02-5603 RMW (PR), 2010 WL 3057410, at *1 (N.D. Cal. Aug. 2, 2010) ("[A] Certificate of Appealability is inapplicable to a § 1983 action."); Moore v. Hindmarch, No. CV 09-1461-PHX-GMS (JRI), 2010 WL 3283567, at *1 (D.Ariz. Aug. 18, 2010) ("[A] certificate of appealability is not required to appeal the dismissal and entry of judgment in a *pro se* civil rights action brought

pursuant to 42 U.S.C. § 1983."). Plaintiff's request for a certificate of appealability will therefore be denied as moot.

Because a certificate of appealability is not required to appeal the entry of judgment in a *pro se* cases arising under the Americans with Disabilities Act, the Rehabilitation Act, and a state law cause of action for negligence, the Court will construe Plaintiff's request as a motion for certification that any appeal in this action would be taken in good faith pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure. After a review of Plaintiff's Complaint (#3) and the Court's Orders (## 94, 128) granting Defendants' respective Motions for Summary Judgment (## 67, 119), we will grant Plaintiff's request and certify that any appeal in this matter would be taken in good faith. We note, however, that if Plaintiff wishes to proceed *in forma pauperis* on appeal, Plaintiff should heed the July 10, 2012 Order (#133) of the Court of Appeals and file a motion in that court, not this one.

### III. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion for a certificate of appealability (#134) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) that any appeal of the Court's judgment in this matter would be taken in good faith.

DATED: August 1, 2012.

_____
UNITED STATES DISTRICT JUDGE

3